IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 16 2008
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| MICHAEL JOHN WARREN, § | |
| PETITIONER, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:07-CV-170-A |
| § | |
| NATHANIEL QUARTERMAN, DIRECTOR, § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, INSTITUTIONAL DIVISION, § | |
| RESPONDENT. § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### FINDINGS AND CONCLUSIONS

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a person in state custody.

B. PARTIES

Petitioner Michael John Warren, TDCJ-ID #455668, is confined by the Texas Department of Criminal Justice–Institutional Division in the Wynne Unit in Huntsville, Texas.

Respondent Quarterman is the Director of the Texas Department of Criminal Justice, Institutional Division.

C.  DISCIPLINARY HISTORY

Warren is in state custody and serving a ninety-year prison sentence for murder pursuant to a judgment entered June 24, 1987, in Criminal District Court No. 1 of Tarrant County, Texas. He does not complain about his conviction or sentence, but presents a number of arguments regarding his eligibility for early release.

Warren has filed seven state applications for habeas relief, but only two relate to his present arguments. On October 10, 2006, Warren filed a state application for habeas relief disputing the calculations of his time-credits and his eligibility for early release, but the application was dismissed without written order. *Ex parte Warren*, No. 16,267-06 (Tex. Crim. App. Nov. 15, 2006). After Warren resubmitted his application on December 12, 2006, the Texas Court of Criminal Appeals denied the application without written order. *Ex parte Warren*, No. 16,267-07 (Tex. Crim. App. Feb. 7, 2007). Warren filed his federal petition for writ of habeas corpus on February 27, 2007.[1]

D.  ISSUES

Warren complains that

1. The calendar time that must be served before he is entitled to mandatory supervision release has been miscalculated;

2. He is being denied good-time credits he accrued while in the county jail;

3. He has been subjected to the retroactive application of new parole procedural rules; and

4. He has been denied parole based on unauthorized grounds.

---

[1] A federal petition is deemed filed on the date the petitioner executes his petition and presumably deposits it in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374 (5th Cir. 1998).

E.  RULE 5 STATEMENT AND EXHAUSTION

Quarterman agrees that the petition is timely filed and that Warren has sufficiently exhausted his state court remedies with respect to Issues 1, 3 and 4. Quarterman asserts that Warren's complaint that he has not been credited with time spent in the county jail is time-barred and is an attempt to file a successive petition without the approval of the Fifth Circuit.

F.  LEGAL STANDARD FOR GRANTING HABEAS CORPUS RELIEF

The standards codified in 28 U.S.C. § 2254 guide our review of a petition for writ of habeas corpus filed by a state prisoner:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See also Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Relief is authorized if a state court arrives at a conclusion opposite that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523, 1518, 146 L.Ed.2d 389 (2000). Relief is also available if the state court identifies the correct legal principle but unreasonably applies that principle to the facts of the prisoner's case or reaches a decision based on an unreasonable factual determination. *See* 28 U.S.C. §2254(d)(1)-(2); *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Mere disagreement with the state court is

not enough: The standard is one of objective reasonableness. *See Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S.Ct. 1, 4, 157 L.Ed.2d 1 (2003); *Montoya*, 226 F.3d at 404. State court determinations of underlying factual issues are presumed correct, and the petitioner has the burden to rebut the presumption with clear and convincing evidence. 28 U.S.C. §2254(e)(1).

G. DISCUSSION

1. Calendar Time Calculations

Warren complains that the State has erroneously calculated the calendar time he must serve before he is entitled to release on mandatory supervision and has extended his anticipated release date by a decade. Under Texas law, an inmate can become eligible for release before the completion of his sentence by parole or under a mandatory supervision release program. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir.1997). The Texas mandatory supervision scheme, both the version in place prior to September 1, 1996, and the version effective after that date, creates a constitutional expectancy of early release for eligible inmates and gives rise to a liberty interest subject to due process protections. *Teague v. Quarterman*, 482 F.3d 769, 776-77 (5th Cir. 2007). *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir.2000). An inmate does not have a similar expectancy for parole, and accordingly, no liberty interest arises with respect to parole eligibility. *See Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir.1995); *Creel v. Keene*, 928 F.2d 707, 711-12 (5th Cir.1991).

Warren was convicted on June 24, 1987, for a murder committed on March 28, 1986. *Ex parte Warren*, No. 16,267-07, at 32. Before September 1987, offenders other than those under sentence of death were eligible for both the parole and mandatory supervision early release programs. *See* Tex. Code of Crim. Proc. Ann. art. 42.18, § 8 (Vernon Supp. 1986)( repealed)(current version

codified at TEX. GOV'T CODE ANN. §§ 508.145, 508.147).[2] Under this scheme, a person who is not on parole must be released to mandatory supervision once his calendar time served plus any accrued good conduct time equals the maximum term to which he was sentenced. *Id.* § 8(c).

The Board of Pardons and Paroles denied Warren release to parole in March 2006 and set his next parole review date for March 2011. *Ex parte Warren*, No. 16,267-07, at 35. Warren, however, asserts that he was entitled to release on mandatory supervision release in March 2006, and once parole was denied, should nonetheless have been released on that same date to mandatory supervision. TDCJ records list Warren's projected early release date as January 11, 2017. (Resp. Answer, Ex. A).

Warren's complaint is based on an unsupported interpretation of the parole and mandatory supervision release programs. Prior to 1987, inmates were eligible for parole after the actual calendar time served equaled the lesser of one-third of their sentence or twenty years.[3] *See* Tex. Code of Crim. Proc. Ann. art. 42.18, § 8(b) (Vernon 1986). Warren asserts that this demonstrates that the legislature intended to impose a sixty-year maximum sentence for all calculations related to early release on either parole or mandatory supervision, and for support, cites the dissent in *Ex parte Franks*, 71 S.W.3d. 3d 327 (Tex. Crim. App. 2001). In *Franks*, the Texas Court of Criminal Appeals considered and rejected an inmate's claim that he was eligible for mandatory supervision release despite serving a life sentence. The court reasoned that it was mathematically impossible to

---

[2] Warren asserts that Article 42.18 is not applicable to him, but the legislative history reflects that Article 42.18 was enacted with an effective date of September 1, 1985. Act of May 21, 1985, 69th Leg., R.S. ch. 427, § 5, 1985 Tex. Sess. Law Serv. 2895. *See also Story v. Collins*, 920 F.2d 1247, 1252 n.1 (5th Cir. 1991)(recognizing legislative change in state parole statute).

[3] A later amendment to Article 42.18, Section 8(b) reduced the time a prisoner must serve to one-fourth of their sentence or fifteen years.

determine a mandatory supervision release date. *Id.* at 328. The dissent suggested that the current method used by the legislature for calculating parole eligibility should be used, which arbitrarily equated a life sentence with sixty years, but the majority of the court did not adopt this reasoning. *Id.* at 329. *See also Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002)(rejecting claim that inmates serving life sentences who have accumulated more than 60 years of total time credits must be released to mandatory supervision). Moreover, Warren's approach is at odds with the plain language of the mandatory supervision statute, at least as it applies to an inmate serving a term of years: He has not argued or demonstrated that his calendar time served plus accrued good time credits equal the ninety-year term to which he was sentenced or otherwise established that the State has miscalculated the amount of calendar time he must served before he is entitled to release to mandatory supervision. *See* Tex. Code of Crim. Proc. Ann. art. 42.18, § 8(c). The state court's denial of habeas relief on this ground has not been shown to be contrary to or an unreasonable application of clearly established constitutional law.

    2.    Missing Good-Time Credits

Warren asserts that he has not been properly credited for good time he earned while in the county jail before he was transferred to the state prison system. It is well settled that Texas inmates such as Warren who are eligible for mandatory supervision release have a protected liberty interest in earned good-time credits. *See Teague v. Quarterman*, 482 F.3d 769, 776-77 (5th Cir.2007); *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir.2000).

Respondent asserts that Warren is trying to circumvent the rules regarding successive petitions because he has filed at least two previous petitions for habeas relief in federal court and has not sought permission in this circuit to file yet another petition. Warren filed a previous federal

petition in 1990 that was dismissed for lack of exhaustion, and filed a subsequent federal petition in 1996 that was denied by the district court and affirmed on appeal to the Fifth Circuit. (Resp. Answer, Ex. B, C).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2244, establishes a "gatekeeping mechanism" for second or successive habeas petitions:

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C.A. § 2244(b)(2)-(3). *See also Felker v. Turpin*, 518 U.S. 651, 662, 116 S.Ct. 2333, 2339, 135 L.Ed.2d 827 (1996). The Fifth Circuit has clarified that a petition is successive when it (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition or (2) otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008). A petition is not second or successive simply because it follows an earlier federal petition. *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998).

Warren does not attack the legality of his underlying convictions. He challenges only the post-conviction and post-sentence administration of his sentence that has resulted in a denial of good

-7-

time credits to which he alleges entitlement. The Fifth Circuit has recognized the inherent difficulty for an inmate challenging the administration of his sentence to satisfy the statutory exceptions to dismissal of a successive petition, which require the inmate to establish either that his claim is based on new law or that he has new evidence that undermines his guilt of the underlying offense. *Cain*, 137 F.3d at 236. This led the court to hold that Congress did not intend the "second or successive" language to preclude judicial review of alleged procedural due process violations relating to administration of sentence for a prisoner who has filed a previous petition challenging the validity of an underlying conviction or sentence but who is not otherwise abusing writ. *Id.* at 236-37. But the Fifth Circuit has emphasized that its decision in *Cain* also turned on the fact that the inmate's claim had not arisen until after he filed his prior petitions and could not have been brought in conjunction with the earlier petitions. *Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003). Thus, the pivotal question is whether Warren knew the facts necessary to his claim of incorrect good time calculations before he filed his previous federal petition. *See id.* (finding petition successive because petitioner knew facts related to his claim of lost good time credits when he filed previous petition).

To the extent Warren is complaining generally that he was not credited for good time earned while in jail, he could have discovered this fact at or near the time he was transferred to the custody of the TDCJ in July 1987. (Resp. Answer, Ex. A). Warren further asserts that, upon his promotion to SAT-IIIC status under the state prison classification system, he was entitled to earn good time credits at a 2-for-1 ratio and this earnings classification should have been backdated to include good time he earned in jail (from March 29, 1986 to July 1, 1987) before being transferred to the TDCJ.[4] Warren should have been aware of any errors in the calculation of his backdated good time credits

---

[4] Warren indicates that the backdating program was eliminated in 1995.

at or near the time he was promoted to SAT-IIIC status. Warren was promoted to this classification on February 18, 1988,[5] years before he filed his 1996 federal court petition for habeas relief. Warren's complaint about the failure to backdate his accrual of good time credits is an abuse of the writ and should be dismissed as successive, rendering the court without jurisdiction.

Alternatively, Warren's claim is time-barred. The AEDPA provides for a one-year statute of limitations period for federal habeas corpus relief filed by a prisoner in custody pursuant to a state court judgment:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2). The finality of the conviction is not the triggering event as Warren challenges events subsequent to that time and his continued incarceration, but does not challenge the conviction itself. *See id.* § 2244(d)(1)(A). There is also no allegation or suggestion in the record of a State-created impediment that prevented him from filing for relief at an earlier date, nor do his

---

[5] This information was obtained from a telephone inquiry with the Classification and Records Department of the Correctional Institutions Division of the TDCJ.

claims rely on newly recognized constitutional rights. *See id.* § 2244(d)(1)(B)-(C). Therefore, the statutory limitations period commenced upon the date the factual predicate for Warren's complaints could have been discovered had he exercised due diligence. *See id.* § 2244(d)(1)(D).

Warren asserts that there was no violation to challenge until his anticipated mandatory supervision release date had passed without action by the Board. *See, e.g., Novak v. Quarterman*, No. No. 4:07-CV-043-A (N.D. Tex. June 26, 2007)(noting that factual predicate for claim of improper denial of mandatory supervision release is discoverable on date release is denied). But Warren's argument is one related to the improper accrual of time credits, and at the latest, he could have discovered the factual predicate for this claim at the time he was promoted to the higher-earning prisoner classification of SAT-III on February 18, 1988, which predates enactment of the AEDPA.

A petitioner whose limitation triggering event occurred before enactment of the AEDPA must, absent any tolling provision, file a Section 2254 petition for federal habeas corpus relief on or before April 24, 1997 to avoid being time-barred. . *See Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir.1998). *See also United States v. Flores*, 135 F.3d 1000 (5th Cir. 1998)(discussing identical one year limitations period found in 28 U.S.C. §2255). Warren filed his federal petition on March 12, 2007, almost ten years after the limitations period expired. Warren has filed two state applications for habeas relief challenging the calculation of good-time credits, but neither can operate to toll the statute of limitations because they were filed well after the one-year period elapsed. *See generally* 28 U.S.C. §2244(d)(2). Nor does the record contain argument or evidence favoring equitable tolling of the limitations period.

Warren's complaints of miscalculations in the "backdating" of his good time credits should be dismissed as successive, or alternatively, as time-barred.

3. Ex Post Facto Violation

Warren asserts that the State has retroactively applied new parole procedural requirements in his case, violating due process guarantees and the Ex Post Facto Clause.[6] He complains that the process in effect before 1993 provided for annual parole reviews, but subsequent legislative changes have authorized the Texas Board of Pardons and Paroles (the Board) to impose three-year, and now, up to five-year set-offs (the period between parole denial and reconsideration) for the next parole review date.

Warren's allegations of due process violations resulting from the parole review process are not cognizable because he has no liberty interest in obtaining parole that would be protected by the Due Process Clause. *See Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995). His complaints arising under the Ex Post Facto Clause do not suffer from the same flaw because a law need not impair a vested right to violate the ex post facto prohibition. *Weaver v. Graham*, 450 U.S. 24, 29-30, 101 S.Ct. 960, 964-65, 67 L.Ed.2d 17 (1981).

Article I, Section 10, of the Constitution prohibits the States from passing an ex post facto law. *Collins v. Youngblood*, 497 U.S. 37, 41, 110 S.Ct. 2715, 2718, 111 L.Ed.2d 30 (1990). The Ex Post Facto Clause is aimed at laws that "retroactively alter the definition of crimes or increase the punishment for criminal acts." *Id.* at 43, 110 S.Ct. at 2719; *Beazell v. Ohio*, 269 U.S. 167, 169-170, 46 S.Ct. 68, 68-69, 70 L.Ed. 216 (1925). Legislative modifications to early release provisions or parole standards may violate the prohibition against ex post facto laws if applied retroactively. *Garner v. Jones*, 529 U.S. 244, 120 S.Ct. 1362, 146 L.Ed.2d 236 (2000); *Warren v. Miles*, 230 F.3d

---

[6] Warren's argument that corresponding provisions of the Texas Constitution have been violated states no basis for relief in the federal courts. *See* 28 U.S.C. § 2254(d).

688, 692 (5th Cir. 2000). *See, e.g., Lynce v. Mathis*, 519 U.S. 433, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997)(holding that statute cancelling accrued early release credits violated Ex Post Facto Clause). But for an ex post facto violation to occur, the law must be both retrospective and create sufficient risk of increasing the punishment attached to the crime. *Lynce*, 519 U.S. at 441, 117 S.Ct. at 896; *Warren*, 230 F.3d at 692.

> State law in effect on the date of Warren's offense provided:
>
> (e) Within one year after a prisoner's admittance to the penal or correctional institution *and at such intervals thereafter as it may determine*, the board shall secure and consider all pertinent information regarding each prisoner, except any under sentence of death, including the circumstances of his offense, his previous social history and criminal record, his conduct, employment, and attitude in prison, and his physical and mental health.

Tex. Code Crim. Proc. Ann. art. 42.18, § 8(e) (Vernon 1985)(repealed)(emphasis added). The current parole statute provides:

> (g) The board shall adopt a policy establishing the date on which the board may reconsider for release an inmate who has previously been denied release. The policy must require the board to reconsider for release an inmate serving a sentence for an offense listed in Section 508.149(a) during a month designated by the parole panel that denied release. The designated month must begin after the first anniversary of the date of the denial and end before the fifth anniversary of the date of the denial. The policy must require the board to reconsider for release an inmate other than an inmate serving a sentence for an offense listed in Section 508.149(a) as soon as practicable after the first anniversary of the date of the denial.

TEX. GOV'T CODE ANN. § 508.141(g) (Vernon 2004). Although Warren argues that he is entitled to annual parole review, a fair reading of the prior statute indicates that the Board was vested with the discretion to determine the frequency of parole review. Later statutory changes authorizing a three- or even five-year set-off are not inconsistent with the statutory requirements in effect when Warren committed the offense, and in fact, the difference between the prior law and the new law

-12-

reflects a change that is more favorable to petitioner by guaranteeing review at least every five years. No violation of the Ex Post Facto Clause has been established. *See Allison v. Kyle*, 66 F.3d 71, 74-75 (5th Cir. 1995)(reviewing similar language in predecessor statute and finding it did not mandate annual parole review or support alleged ex post facto violation); *Creel v. Kyle*, 42 F.3d 955, 957 (5th Cir. 1995)(finding prisoner's arguments of ex post violation frivolous because statute did not dictate timing of parole reviews). *See also California Dept. of Corrections v. Morales*, 514 U.S. 499, 509, 115 S.Ct. 1597, 1603, 131 L.Ed.2d 588 (1995)(finding that decreased frequency of parole hearings presented too speculative a risk of increasing punishment to be an ex post facto violation). Warren's complaints of due process or ex post facto violations related to the frequency of parole review are meritless.

    4.    Denial of Parole

Warren asserts that his due process rights have been violated because the Board used unauthorized criteria in denying him release on parole. More specifically, Warren complains that the Board relied on the nature of the underlying offense as grounds for denying parole, which he alleges is a factor that is not germane to an assessment of his suitability for parole.

It is entirely speculative whether an inmate will actually obtain parole in Texas because there is no absolute right to be released on parole. *See Allison v. Kyle,* 66 F.3d 71, 74 (5th Cir.1995); *see also Creel v. Keene,* 928 F.2d 707, 712 (5th Cir.1991). Without a constitutional expectancy of parole, there is no liberty interest in parole sufficient to invoke constitutional due process protections in the granting of parole with its attendant conditions. *See id.*; *Creel v. Keene*, 928 F.2d 707, 711-12 (5th Cir. 1991). Accordingly, Warren cannot demonstrate that the state court acted unreasonably in rejecting his due process complaints related to the discretionary denial of parole.

Warren also suggests that the Board, by using the unchanging nature of his offense as a reason for denying parole, effectively punishes him repeatedly for the same offense. His complaint is patently without merit. *See Page v. United States Parole Comm'n*, 651 F.2d 1083, 1086 (5th Cir. [Unit A] 1981); *Jackson v. Reese*, 608 F.2d 159, 160 (5th Cir. 1979). The denial of parole "is neither the imposition nor the increase of a sentence, and it is not punishment for purposes of the Double Jeopardy Clause." *Alessi v. Quinlan,* 711 F.2d 497, 501 (2d Cir.1983). Rather than constituting multiple punishments for the same offense, the denial of parole merely perpetuates the status quo as the prisoner remains incarcerated under a validly imposed sentence. *Roach v. Board of Pardons and Paroles*, 503 F.2d 1367, 1368 (8th Cir. 1974). Warren's complaint states no basis for habeas relief.

G.   EVIDENTIARY HEARING

Warren requests an evidentiary hearing, arguing that he was denied such a hearing by the state courts. If a petitioner fails to develop a factual basis for a claim in state court, a federal habeas court shall not conduct an evidentiary hearing on the claim unless the claim relies on a new (and retroactive) rule of constitutional law or on a factual predicate that could not have been previously discovered through the exercise of due diligence and the facts would be sufficient to establish by clear and convincing evidence the petitioner's entitlement to relief. *See generally* 28 U.S.C. § 2254(e)(2). For purposes of Section 2254(e)(2), a failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel. *Williams v. Taylor*, 529 U.S. 420, 120 S.Ct. 1479, 1488, 146 L.Ed.2d 435 (2000).

Warren requested a hearing before the state court, but no hearing was held, no response from the state was solicited, and no written findings were entered. But despite his diligence, Warren's right to a hearing in this court is not automatic. Rule 8 of the Rules Governing Section 2254 Cases in the United States District Court vests district courts with discretion to conduct an evidentiary hearing, so long as it is not barred by § 2254(e)(2). *See Murphy v. Johnson*, 205 F.3d 809, 815 (5th Cir. 2000). The court will review the answer, any transcripts and records of state-court proceedings, and any other materials submitted to determine whether an evidentiary hearing is warranted. Rules Governing § 2254 Cases, Rule 8, foll. 28 U.S.C. § 2254. *See also Malchi*, 211 F.3d at 956 (noting that complaints about lost good-time credits arise under § 2254). Respondent has provided affidavits regarding the calculation of Warren's calendar time, good time, and related credits, and the parties' dispute is one that revolves around facts such as dates that require little adversarial testing and legal issues that do not necessitate a hearing.

## RECOMMENDATION

Warren's claim for relief related to the calculation of his good time credits for time served in the county jail should be dismissed. The petition for writ of habeas corpus should in all other respects be denied. Warren's request for a hearing should be denied.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within ten (10) days after the party has been served with a copy of this document. The court is hereby extending the deadline within which to file

specific written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation until May 8, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby ORDERED that each party is granted until May 8, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED APRIL 16, 2008.

_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE