IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 9 2008
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| MICHAEL JOHN WARREN, § | |
| Petitioner, § | |
| VS. § | NO. 4:07-CV-170-A |
| NATHANIEL QUARTERMAN, § DIRECTOR, TEXAS DEPARTMENT § OF CRIMINAL JUSTICE, § CORRECTIONAL INSTITUTIONS § DIVISION, § | |
| Respondent. § | |

O R D E R

Came on for consideration the above-captioned action wherein Michael John Warren is petitioner and Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division, is respondent. This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 16, 2008, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation, and ordered that the parties file objections, if any, thereto by May 8, 2008. Concerned that petitioner may not have received a copy of the findings, conclusions, and recommendation, the court signed an order on May 16, 2008, which directed the clerk to send petitioner another copy thereof and extended the time during which the parties could file objections until June 5, 2008. Petitioner timely filed his objections.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the proposed findings or

recommendations to which specific objection is made. United States v. Raddatz, 447 U.S. 667 (1980). The court need not consider any nonspecific objections or any frivolous or conclusory objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

Petitioner is serving a ninety-year prison sentence for murder pursuant to a judgment entered June 24, 1987, in Criminal District Court No. 1 of Tarrant County, Texas. He presents four arguments regarding his eligibility for early release. As summarized by the Magistrate Judge, petitioner complains that:

1. The calendar time that must be served before he is entitled to mandatory supervision release has been miscalculated;
2. He is being denied good-time credits he accrued while in the county jail;
3. He has been subjected to the retroactive application of new parole procedural rules; and
4. He has been denied parole based on unauthorized grounds.

FC&R at 2.

With respect to petitioner's first ground for relief, the Magistrate Judge concludes that under the mandatory supervision release scheme applicable to petitioner, he must be released to mandatory supervision once his calendar time served plus any accrued good time equals the maximum term to which he was sentenced.[1] The Magistrate Judge concluded that petitioner "has

---

[1] This mode of calculating eligibility for release to mandatory supervision has been in place since at least 1981. See Ex parte Franks, 71 S.W.3d 327, 327 (Tex. Crim. App. 2001).

Petitioner takes the position that he was entitled to release on mandatory supervision in March 2006. Respondent's records list petitioner's
(continued...)

2

not argued or demonstrated that his calendar time served plus accrued good time credits equal the ninety-year term to which he was sentenced or otherwise established that the State has miscalculated the amount of calendar time he must serve[] before he is entitled to release to mandatory supervision." FC&R at 6.

In his objections, petitioner cites to and attaches an unpublished case, which he argues stands for the proposition that "the formula for determining mandatory supervision release is <u>identical</u> to that for determining parole eligibility, i.e., when the calendar time served plus any good conduct time earned equals one-third of the maximum sentence imposed, or twenty (20) years, <u>whichever is the lesser</u>." Objs. at 2. Petitioner's argument and the case he bases it on are unpersuasive. The unpublished opinion petitioner relies on comes from a Texas district court, and it appears to be inconsistent with subsequent mandatory authority from the Texas Court of Criminal Appeals. See <u>Ex parte Franks</u>, 71 S.W.3d 327, 327 (Tex. Crim. App. 2001). Additionally, neither the opinion petitioner relies on nor <u>Ex parte Franks</u> are applicable to petitioner because those cases deal with the eligibility for mandatory supervision of inmates who had been sentenced to life in prison, and petitioner was sentenced to a term of ninety years. Petitioner is not entitled to any relief on his first ground for relief.

---

[1](...continued)
projected early release date as January 11, 2017.

Additionally, petitioner has not raised anything in his objections as would cause the court to question the conclusions of the Magistrate Judge in connection with petitioner's second, third, and fourth grounds for relief.

Accordingly, the court accepts the findings, conclusions, and recommendation of the United States Magistrate Judge.

Therefore,

The court ORDERS that petitioner's claim for relief related to the calculation of his good time credits for time served in the county jail be, and is hereby, dismissed; and that, in all other respects, petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

SIGNED June 9, 2008.

JOHN McBRYDE
United States District Judge